UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROGERNICK HARDING                                                   CIVIL ACTION

VERSUS                                                                 No. 24-2814

C-DIVE, LLC, ET AL.                                              SECTION I

### ORDER AND REASONS

Before the Court is a motion[1] to remand the above-captioned matter filed by plaintiff Rogernick Harding ("plaintiff"). Defendants C-Dive, LLC ("C-Dive"); Sea Support Services, LLC ("Sea Support"); and Transcontinental Gas Pipeline Company, LLC ("Transco")[2] (collectively, "defendants"), each filed an opposition.[3] Plaintiff did not file a reply. For the reasons set forth below, the Court denies the motion.

### I. BACKGROUND

This matter concerns personal injuries sustained by plaintiff in the course of his employment.[4] Plaintiff's complaint alleges that, while he was being transferred in a personnel basket by crane to the vessel MELINDA B. ADAMS, the crane operator caused the basket carrying plaintiff to strike an appurtenance of the MELINDA B. ADAMS, an accident which resulted in personal injuries to plaintiff.[5] Plaintiff further alleges that the crane was located on a platform operated by Transco.[6] Plaintiff

---

[1] R. Doc. No. 11.
[2] Transco is incorrectly named in the state court petition as the Williams Field Services Company, LLC.
[3] R. Doc. Nos. 17–19.
[4] R. Doc. No. 1-2, ¶ 6.
[5] *Id.*
[6] *Id.*

subsequently filed a petition in the 32nd Judicial District Court for Terrebonne Parish, which alleged claims for negligence and unseaworthiness.[7]

Transco subsequently removed the lawsuit to this Court pursuant to 28 U.S.C. § 1441(a).[8] The notice of removal asserted federal jurisdiction pursuant to 43 U.S.C. § 1349(b)(1), which grants federal courts original jurisdiction over cases arising out of operations involving the production of minerals on the Outer Continental Shelf.[9] The notice also alleges facts in support of jurisdiction pursuant to § 1349(b)(1).

The notice states that, at the time of the accident, the MELINDA B. ADAMS was providing services and personnel in connection with operations to abandon a 12-inch subsea pipeline between the Main Pass 259 and Main Pass 261 platforms, which are located off the coast of Louisiana on the Outer Continental Shelf.[10] Further, the operations in which the MELINDA B. ADAMS was involved concerned the exploration, development, or production of minerals on the Outer Continental Shelf.[11]

Plaintiff's motion asserts that remand is appropriate because § 1349(b)(1) does not apply to the facts of this case and does not provide an independent basis for removal even if it does apply.[12] C-Dive, Sea Support, and Transco each filed an opposition to plaintiff's motion.[13] Each of defendants' motion asserts that § 1349(b)(1)

---

[7] *Id.* ¶ 5.
[8] R. Doc. No. 1.
[9] *Id.* ¶ 5.
[10] *Id.* ¶ 7.
[11] *Id.*
[12] R. Doc. No. 11-1, at 5–6.
[13] R. Doc. Nos. 17–19.

provides an independent basis for removal because it vests the district court with original jurisdiction.[14]

Transco's opposition attaches a declaration by Chad Brown ("Brown"), a project manager for Transco with respect Transco's pipeline-abandonment project.[15] In his declaration, Brown asserts the following facts. Transco regularly engages in the exploration and production of oil and gas on the Outer Continental Shelf.[16] At the time of plaintiff's accident, Transco was conducting operations to abandon a 12-inch subsea pipeline between the Main Pass 259 and Main Pass 261 platforms located on the Outer Continental Shelf.[17] The abandonment involved the removal of hydrocarbons from the system and the disconnection of the pipeline to the Main Pass 261A platform, on which plaintiff worked.[18] To complete this project, Transco contracted with C-Dive, which in turn contracted with Legends PPS, plaintiff's employer.[19] Attached to Brown's declaration is a copy of that part of the contract between Transco and C-Dive outlining the scope of work.[20]

## II. STANDARD OF LAW

Pursuant to 28 U.S.C. § 1441(a), "[d]efendants may generally remove a case from state court if the federal court would have had original jurisdiction over it." *In re Deepwater Horizon*, 745 F.3d 157, 162 (5th Cir. 2014). "The defendants bear the

---

[14] R. Doc. No. 17, at 3–4; R. Doc. No. 18, at 4–6; R. Doc. No. 19, at 3.
[15] R. Doc. No. 18-1, ¶ 1.
[16] *Id.* ¶ 2.
[17] *Id.* ¶ 3.
[18] *Id.* ¶¶ 4, 7.
[19] *Id.* ¶ 5.
[20] *Id.* at 3–4.

3

burden of establishing the basis for removal, and operative facts and pleadings are evaluated at the time of removal." *Id.* at 162–63.

Defendants invoke 42 U.S.C. § 1349(b)(1) to establish this Court's original jurisdiction in the above-captioned case.[21] That statute vests federal district courts with original jurisdiction over "cases and controversies arising out of, or in connection with . . . any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf." 42 U.S.C. § 1349(b)(1). The Fifth Circuit has held that this jurisdictional grant is "broad." *See In re Deepwater Horizon*, 745 F.3d at 162. "A plaintiff does not need to expressly invoke § 1349(b)(1) in order for it to apply.*" Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 213 (5th Cir. 2013).

To determine jurisdiction pursuant to § 1349(b)(1), courts assess whether "(1) the activities that caused the injury constituted an operation conducted on the Outer Continental Shelf that involved the exploration and production of minerals, and (2) the case arises out of, or in connection with the operation." *See id.* at 163 (internal quotation marks omitted). An "operation" for the purposes of § 1349(b)(1) entails "the doing of some physical act on the [Outer Continental Shelf]." *See EP Operating Ltd. P'ship v. Placid Oil Co.*, 26 F.3d 563, 567 (5th Cir. 1994). Further, the exploration and production of minerals "encompass the full range of oil and gas activity from locating mineral resources through the construction, operation, servicing and maintenance of facilities to produce those resources." *Id.* at 568. Accordingly, the first

---

[21] *See, e.g.*, R. Doc. No. 1, ¶ 5.

prong is satisfied if a physical act on the Outer Continental Shelf that relates to oil and gas activity is established.

With respect to prong two, § 1349(b)(1) requires only a "but-for" connection between an operation and the cause of action to establish federal jurisdiction. *See In re Deepwater Horizon*, 745 F.3d at 163. "The but-for test does not include a purposive element . . . ." *Id.* Further, jurisdiction does not depend on the situs of the injury. *See id.* at 164 (explaining that "the statute precludes an artificial limit based on situs").

### III. ANALYSIS

The Court concludes that defendants have established jurisdiction pursuant to 43 U.S.C. § 1349(b)(1) and, therefore, the basis of their removal. The statements in Brown's declaration—necessarily uncontroverted because plaintiff has not even filed a reply to them—satisfy both prongs of the test for determining jurisdiction pursuant to § 1349(b)(1).

With respect to the first prong, the Court considers whether the activities that caused plaintiff's injury constituted an operation that falls within the full range of oil and gas activity. *See id.* at 163. Brown's declaration makes clear that the project with which plaintiff was involved entailed removing pipelines used to transport oil or gas located on the Outer Continental Shelf.[22] This project was conducted by Transco, which is in the business of exploring and producing oil and gas on the Outer Continental Shelf.[23] Plaintiff's employer was contracted to assist on this project.[24]

---

[22] R. Doc. No. 18-1, ¶¶ 3–4.
[23] *Id.* ¶¶ 1–2.
[24] *Id.* ¶ 5.

Together, these facts establish that the project at issue constituted an operation for the purposes of § 1349(b)(1).

With respect to the second prong, the Court must determine whether there is a but-for connection between Transco's operation and the cause of action. *See id.* This connection is clearly present: If not for Transco's operation, plaintiff would not have been in the personnel basket in which he was injured. *Cf. Peralta v. Supreme Offshore Servs., Inc.*, No. 23-cv-1395, 2025 WL 545930, at *4 (E.D. La. Feb. 19, 2025) (Papillon, J.) (holding that a but-for connection was present where the plaintiff was injured swinging from a platform to a vessel during a project to abandon a span of pipeline). Since defendants have met their burden of establishing both a requisite operation and a causal connection therewith, the Court concludes it has original jurisdiction over this controversy pursuant to § 1349(b)(1). Accordingly, § 1349(b)(1) serves as a proper basis for the removal of this action. *See* 28 U.S.C. § 1441(a) (authorizing the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction").

Plaintiff argues, however, that § 1349(b)(1) does not provide a basis for removal pursuant to 28 U.S.C. § 1441(a) even if it provides this Court with original jurisdiction over the instant controversy.[25] Specifically, he asserts that the saving-to-suitors clause of 28 U.S.C. § 1333(1) precludes removal because his claims arise under maritime law.[26] That view has been squarely rejected by the Fifth Circuit. It has

---

[25] R. Doc. No. 11-1, at 5–6.
[26] *Id.*

stated that "[m]aritime law . . . has no effect on the removal of [a § 1349] action." *Barker*, 713 F.3d at 220. Accordingly, the removal of this action was proper pursuant to 28 U.S.C. § 1441(a) even if, as plaintiff contends, maritime law applies.[27]

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion is **DENIED**.

New Orleans, Louisiana, March 20, 2025.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[27] The Court notes that the parties dispute whether maritime law applies. *See, e.g.*, R. Doc. No. 18, at 8–14 (arguing that maritime law does not apply). The sole issue before this Court is whether the above-captioned case should be remanded. Accordingly, whether maritime law applies is not decided.